UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PRAETORIAN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ARABIA SHRINE CENTER HOUSTON, <br> Defendant. | § <br> § <br> § <br> § <br> §    CAUSE NO.: _____ <br> § <br> § <br> § <br> § <br> § |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff Praetorian Insurance Company ("Praetorian") and files this Complaint for Declaratory Judgment against Defendant Arabia Shrine Center Houston ("Arabia") pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, and seeks a declaratory judgment for the purpose of determining questions of actual, immediate controversy among the parties. Praetorian states as follows:

## PARTIES

1.  At all pertinent times, Praetorian was a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in New York. Thus, Praetorian is a citizen of Pennsylvania and New York pursuant to 28 U.S.C. §1332(c)(1).

2.  At all pertinent times, Arabia was a non-profit corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas. Thus, Arabia is a citizen of Texas pursuant to 28 U.S.C. §1332(c)(1). Arabia may be served with process by serving its registered agent, Ronald B. Pruitt at 2950 North Loop West, Ste. 270, Houston, TX 77092 or wherever he may be found.

## NATURE OF THE CLAIM

3. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, to determine an actual case or controversy between Praetorian and Arabia regarding the parties' respective rights and legal obligations arising under a policy of insurance subscribed to by Praetorian and issued to Arabia, under which Arabia is claiming coverage as an insured. Praetorian seeks a declaration that it owes no further obligation under the subject insurance policy to indemnify Arabia in connection with a below-ground plumbing leak beyond what it has paid of $62,376.00.

4. An actual, justiciable controversy exists between the parties which is ripe for adjudication.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because the action is between citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1391(b)(1) because the only defendant to this action resides in this District.

7. Venue is also proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

**Below-Ground Plumbing Leak**

8. Upon information and belief, on March 20, 2013, Arabia's representatives came to 10510 Harwin Drive, Houston, Texas and discovered standing water in the building.

9. Upon information and belief, Arabia's representatives observed water and sand throughout the building, with two- to three-inches of water observed in the ballroom.

10. Upon information and belief, Arabia's representatives and Praetorian's representations determined that the standing water resulted from a below-ground plumbing leak.

**Demand for Coverage and Resulting Investigation**

11. On March 20, 2014, Arabia reported the standing water to Praetorian.

12. Praetorian sent an independent adjuster with Cunningham Lindsey ("Cunningham") to inspect the alleged loss.

13. Praetorian also retained Corey Green ("Green") and Paul Phillips ("Phillips"), engineers with Rimkus Consulting Group, to investigate and determine the case of the loss.

14. Green determined the source of the water to a blow-out at the 90-degree elbow to the fire supply line at the front of the structure next to the porte-cochere. Phillips traced the pipe and determined it was connected to the automatic fire-suppression sprinkler system.

15. This elbow piece had been removed from the concrete and Green observed the 8-inch cast iron line to have a hole that was about 3 inches wide and 5 inches long with evidence of long-term corrosion.

16. The hole in the elbow was facing downward, about two feet inside the exterior wall and buried below the concrete slab about one foot down.

17. Green determined that the water and sand seeped up through any cracks or openings in the slab foundation.

**Bids for Remediation of Building**

18. Upon information and belief, Arabia retained ServPro to provide emergency water remediation services to dry out the building. Arabia then solicited bids for demolition of the floors and walls due to the water intrusion. Arabia also solicited bids to store the contents of the building while the demolition is performed. Arabia received an invoice from PrimeCo to repair the damaged pipe in the amount of $12,376.00.

**Coverage Determination**

19. After a complete coverage investigation, Praetorian agreed to accept in part the loss and deny in part the loss. ("Coverage Position"). (A copy of correspondence from Phelps Dunbar, on behalf of Praetorian, to Arabia dated June 12, 2014, is attached hereto as **Exhibit A**).

20. In the Coverage Position, Praetorian agreed to accept coverage for the cost to repair or replace the damaged portions of the fire supply line but did not accept coverage for the cost to tear the fire supply line from the concrete foundation or building. This covered repair or replacement totals $12,376.

21. Water damage is excluded by the policy, but Praetorian agreed to accept coverage pursuant to the Masonic Coverage Extension, Limited Water Damage for the full $25,000 afforded by such extension. Praetorian also agreed to accept coverage for business personal property pursuant to the Inland Marine coverage form for the total amount of $25,000. Praetorian agreed to pay this amount for the business personal property without requiring an inventory of such personal property and without requiring proof that the property was replaced.

22. In total, Praetorian issued $62,376 in policy proceeds to Arabia.

23. In the Coverage Position, Praetorian denied coverage for all other property damage such as, the cost to remove and replace water-damaged floors and walls.

24. Arabia disputes the determination of Praetorian in its letter of November 10, 2014, and a dispute exists between the parties.

## THE POLICY

25. Praetorian issued a Commercial Lines Policy to "Arabia Temple A.A.O.N.M.S., its Clubs and Units" bearing policy number H981000154-07 for the policy period January 1, 2014 to January 1, 2015 (the "Policy"). (A copy of the Policy is attached hereto as **Exhibit B**).

26. The Policy provides, in relevant part, as follows:

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM
\* \* \*

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

**a. Building**, meaning the building or structure described in the Declarations, including:

**(1)** Completed additions;

**(2)** Fixtures, including outdoor fixtures;

**(3)** Permanently installed:

**(a)** Machinery and

**(b)** Equipment;

\* \* \*

**2. Property Not Covered**

Covered Property does not include:

\* \* \*

  **f.** The cost of excavations, grading, backfilling or filling;

  **g.** Foundations of buildings, structures, machinery or boilers if their foundations are below:

    **(1)** The lowest basement floor; or

    **(2)** The surface of the ground, if there is no basement;

  **h.** Land (including land on which the property is located), water, growing crops or lawns;

* * *

  **m.** Underground pipes, flues or drains[.]

27.  The Policy includes a form entitled "CAUSES OF LOSS – SPECIAL FORM" (CP 10 30 06 07), which provides, in relevant part, as follows:

 **A. Covered Causes Of Loss**

  When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

  **1.** Excluded in Section **B.**, Exclusions; or

  **2.** Limited in Section **C.**, Limitations;

  that follow.

 **B. Exclusions**

  **1.** We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

* * *

  **g. Water** [Amended pursuant to the WATER EXCLUSION ENDORSEMENT (CP 10 32 08 08]

   **1.** Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);

* * *

   **4.** Water under the ground surface pressing on, or flowing or seeping through:

    **a.** Foundations, walls, floors or paved surfaces;

    **b.** Basements, whether paved or not; or

    **c.** Doors, windows or other openings; or

    **5.** Waterborne material carried or otherwise moved by any of the water referred to in Paragraph **1.**, **3.** or **4.**, or material carried or otherwise moved by mudslide or mudflow.

    This exclusion applies regardless of whether any of the above, in Paragraphs **1.** through **5.**, is caused by an act of nature or is otherwise caused. An example of a situation to which this exclusion applies is the situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water.

    But if any of the above, in Paragraphs **1.** through **5.**, results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage (if sprinkler leakage is a Covered Cause of Loss).

* * *

Exclusions **B.1.a.** through **B.1.h** apply whether or not the loss event results in widespread damage or affects a substantial area.

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

* * *

    **d.** **(1)** Wear and tear;

        **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

* * *

        **(4)** Settling, cracking, shrinking or expansion;

* * *

    But if excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

* * *

    **f.** Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

* * *

**C. Limitations**

The following limitations apply to all policy forms and endorsement, unless otherwise stated.

* * *

- 7 -

    **4.** We will not pay the cost to repair any defect to a system or appliance from which water, other liquid, powder or molten material escapes. But we will pay the cost to repair or replace damaged parts of fire-extinguishing equipment if the damage:

        **a**. Results in discharge of any substance from an automatic fire protection system; or

        **b.** Is directly caused by freezing.

    However, this limitation does not apply to Business Income Coverage or to Extra Expense Coverage.

**F. Additional Coverage Extensions**

\* \* \*

    **2. Water Damage, Other Liquids, Powder Or Molten Material Damage**
    If loss or damage caused by or resulting from covered water or other liquid, powder or molten material damage loss occurs, we will also pay the cost to tear out and replace any part of the building or structure to repair damage to the system or appliance from which the water or other substance escapes. This Coverage Extension does not increase the Limit of Insurance.

28. The Policy includes an endorsement entitled "EQUIPMENT BREAKDOWN ENDORSEMENT" (ICH HP 1001 08/03), which provides, in relevant part, as follows:

This endorsement modifies insurance provided under the following:
BUILDING AND PERSONAL PROPERTY COVERAGE FORM
CAUSES OF LOSS – SPECIAL FORM

\* \* \*

**A.** The BUILDING AND PERSONAL PROPERTY COVERAGE FORM is modified as follows:

ADDITIONAL COVERAGES

The following is added to **4**. ADDITIONAL COVERAGES

**Equipment Breakdown**

**(1)** We will pay for loss caused or resulting from an accident to covered equipment. …

\* \* \*

**(5)** DEFINITIONS

\* \* \*

    (c) Covered equipment, unless otherwise specified in a Schedule, means Covered Property built to operate under vacuum or pressure, other than

- 8 -

weight of contents, or used for the generation, transmission or utilization of energy.

\* \* \*

B.   THE CAUSES OF LOSS – SPECIAL FORM is modified as follows:

\* \* \*

(3) None of the following is covered equipment:

(a) … foundation …;

\* \* \*

(c) sewer piping, underground vessels or piping, or piping forming a part of a sprinkler system;

(d) water piping other than boiler feedwater piping, boiler condensate return piping or water piping forming a part of a refrigeration or air conditioning system[.]

29.   The Policy includes an extension entitled "MASONIC COVERAGE EXTENSION - PROPERTY" (HT 660216 – PR (5 09)), which provides, in relevant part, as follows:

I.   The **BUILDING AND PERSONAL PROPERTY COVERAGE FORM** is changed as follows:

\* \* \*

C.   A.4. ADDITIONAL COVERAGES is changed as follows:

\* \* \*

3. The following ADDITIONAL COVERAGES are added:

c. LIMITED WATER DAMAGE

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from:

(1) Water that backs up from a sewer, drain or sump; or

(2) Water under the ground surface pressing on, or flowing or seeping through:

(a) Foundations, walls, floors or paved surfaces;

(b) Basements, whether paved or not; or

(c) Doors, windows or other openings.

The most we will pay for each described premises for the sum of all loss under this Additional Coverage during each separate 12

- 9 -

>   month period of this policy is $25,000.  This Additional Coverage is included within the Limit of Insurance applicable to the premises where the damage occurs.

* * *

>   **III.   The CAUSES OF LOSS SPECIAL FORM is changed as follows:**
>
>   * * *
>
>   B.   EXCLUSIONS is changed as follows:
>
>   * * *
>
>   4.   Exclusion B.1.g. Water does not apply:
>
>   a.   To the extent that coverage is provided under the Limited Water Damage Additional Coverage; or
>
>   b.   To property in transit.

30.   The Policy includes a Commercial Inland Marine Coverage part.  Under this coverage part, the "MISCELLANEOUS ARTICLES DECLARATIONS" form (IH DS 79 07 99) provides, in relevant part, as follows:

LIMITS OF INSURANCE

SCHEDULE OF COVERED PROPERTY

| | |
|---|---|
| PARAPHERNALIA | $10,000 |
| STATUE | $15,000 |
| ALL COVERED PROPERTY IN ANY ONE OCCURRENCE | $25,000 |

31.   The Policy includes a form entitled "MISCELLANEOUS ARTICLES COVERAGE FORM" (IH 00 79 12 00), which provides, in relevant part, as follows:

>   **A.   Coverage**
>
>   We will pay for loss of or damage to Covered Property from any of the Covered Causes of Loss.
>
>   **1.   Covered Property**
>
>   Covered Property, as used in this Coverage Form, means the property described in the Declarations that:
>
>   **a**.   You own; or
>
>   **b.**   Is in your care, custody or control.
>
>   * * *

   **3. Covered Causes of Loss**

      Covered Causes of Loss means Risks Of Direct Physical Loss Or Damage to Covered Property except those causes of loss listed in the Exclusions.

32. The Policy includes an endorsement entitled "REPLACEMENT COST" (IH 99 07 04 03), which provides, in relevant part, as follows:

### SCHEDULE*

Replacement cost valuation applies only to the following item number(s):

All_____

\* \* \*

The **Valuation Commercial Inland Marine Condition** is replaced by the following:

\* \* \*

**B**. If not replaced, the value of that property will be the least of the following:

   1. Actual cash value of that property;

   2. Cost of reasonably restoring that property to its condition immediately before loss or damage; or

   3. Cost of replacing that property with functionally equivalent property.

**C.** In the event of loss, the value of the property will be determined at the time of the loss.

### COUNT I
### (Declaratory Judgment)

33. Praetorian incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth in full herein.

34. Arabia is not entitled to coverage under the Policy for any damages or loss beyond the $62,376.00 already issued by Praetorian. The additional damages sought by Arabia fall within the Water Exclusion Endorsement g.4. for water under the ground surface pressing on or seeping through the foundation as well as other exclusions set forth above.

**WHEREFORE**, Praetorian respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Policy, including, but not limited to, the following:

(a) the Policy does not afford insurance coverage for damages or loss suffered by Arabia in connection with the water intrusion caused by or resulting from a below-ground plumbing leak beyond the $62,376.00 already issued by Praetorian;

(b) for all such other and further relief as justice may require.

Respectfully submitted,

/s/ Peri H. Alkas
Peri H. Alkas
Attorney-In-Charge
TBN: 00783536
Federal ID No.: 15787
PHELPS DUNBAR LLP
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388
E-mail: alkasp@phelps.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF, PRAETORIAN INSURANCE COMPANY**